UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL V. ALEDO,<br><br>    Petitioner,<br><br>v.<br><br>D. SAMUEL, et al.,<br><br>    Respondents. | Case No. 22-cv-07672-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Paul Aledo filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the habeas petition as untimely, and Mr. Aledo has opposed the motion. For the reasons discussed below, the Court dismisses the action as untimely.

**I.     BACKGROUND**

    **A.     Conviction and direct appeal**

Mr. Aledo was convicted in Monterey County Superior Court of premeditated attempted murder and was found to have personally used a firearm and to have caused great bodily injury. Dkt. No. 14 ("Dismissal Motion") at 2 (summarizing Mr. Aledo's conviction and challenges thereto). On October 18, 2017, he was sentenced to a total term of 25 years to life in state prison. Dismissal Mot. at 2; Pet. at 1.

Mr. Aledo filed a habeas petition in the Monterey County Superior Court on September 24, 2018, which was denied on October 31, 2018. Dismissal Mot. at 2; Pet., Ex. 2.

Mr. Aledo appealed his conviction and filed a second state habeas petition. Dismissal Mot. at 2 & Ex. 2. California's Sixth District Court of Appeal remanded Mr. Aledo's case to the trial court to revisit the sentence enhancement. Dismissal Mot., Ex. 1. It denied Mr. Aledo's second state habeas petition on April 20, 2020. Dismissal Mot., Ex. 2.

The Monterey County Superior Court declined to resentence Mr. Aledo. He appealed that decision, and the Sixth District Court of Appeal affirmed on July 14, 2021. Dismissal Mot., Ex. 4. Mr. Aledo did not pursue his direct appeal to the California Supreme Court.

### B. Habeas proceedings after the direct appeal

On April 18, 2022, Mr. Aledo filed a third state habeas petition in Monterey County Superior Court ("2022 State Petition"). Pet., Ex. 2 at 35 (state court decision, stating when Mr. Aledo filed his petition); *see also* Pet., Ex. 2 (Mr. Aledo's "respon[s]e to Monterey Co[unty]," stating he filed the state habeas petition on April 18). Monterey County Superior Court denied the 2022 State Petition on April 29, 2022. Pet., Ex. 2 at 35, 37 (showing the decision was signed on April 27, but not electronically filed until April 29).

Mr. Aledo filed a habeas petition in the Sixth District Court of Appeal on May 13, 2022. Dismissal Mot., Ex. 5. The Sixth District Court of Appeal treated this petition as an appeal of the Monterey County Superior Court's decision. *See* Pet., Ex. 2 at 40 (showing that the petition originated in superior court). The Sixth District Court of Appeal summarily denied the petition. Dismissal Mot., Ex. 5; Pet., Ex. 2 at 41.

Mr. Aledo sought review in the California Supreme Court on August 10, 2022. *See* Pet., Ex. 2 at 45 (stating the petition was for review of the Monterey County Superior Court's and Sixth District Court of Appeal's decisions); Dismissal Mot., Ex. 6 (petitioner signed the petition on August 10). The California Supreme Court summarily denied the petition. Dismissal Mot., Ex. 7.

Mr. Aledo filed the instant habeas action on or after November 29, 2022. Pet. at 6 (signed as of that date).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the

1  constitutional right asserted was recognized by the Supreme Court, if the right was newly

2  recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the

3  factual predicate of the claim could have been discovered through the exercise of due diligence. 28

4  U.S.C. § 2244(d)(1).

5       Here the parties agree that the statute of limitations began to run on August 23, 2021.

6  Dismissal Mot. at 3; Opp. at 1. Unless he is eligible for tolling, Mr. Aledo thus had until August

7  23, 2022, to file his federal habeas petition.

### A. Statutory tolling

     Mr. Aledo contends the statute of limitations was tolled by the 2022 State Petition. Opp. at 1–2. He is incorrect. This petition results in no statutory tolling because it was denied as untimely. *See* 28 U.S.C. § 2244(d)(2) (The one-year limitations period is tolled for the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.") (emphasis added).

     The Monterey County Superior Court rejected the 2022 State Petition as untimely with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998). *See* Pet., Ex. 2 at 36. A *Robbins* citation is the shorthand used by California courts to signal that a petition has been rejected as untimely. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (denial of petition with citation to *Robbins* at the page on which opinion discusses timeliness determinations was clear denial on timeliness grounds). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). As in *Pace*, "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Id.* at 417; *see also Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (no statutory tolling for petition rejected as untimely by California Supreme Court because petition was not "properly filed"; the fact that California's timeliness rule frequently requires consideration of diligence does not matter); *Thorson*, 479 F.3d at 645 (denial of petition with citation to *Robbins* at the page on which opinion discusses timeliness determinations was clear denial on timeliness grounds and therefore petition was neither "properly filed" nor

"pending").

The Monterey County Superior Court's denial of the 2022 State Petition as untimely strips that petition of any tolling effect. This is so even though the Monterey County Superior Court also concluded that Mr. Aledo's petition was duplicative and failed to show prejudice. Even though the Monterey County Superior Court rejected the 2022 State Petition for multiple reasons, the fact that one of those reasons was its untimeliness is sufficient to strip the 2022 State Petition of any tolling effect. *See Bonner v. Carey*, 425 F.3d 1145, 1148–49 (9th Cir. 2005), *amended,* 439 F.3d 993 (9th Cir. 2006) ("Neither does the fact that the superior court also denied Bonner's petition on the merits save his petition. Because the California courts dismissed Bonner's petition as untimely, his petition was not 'properly filed' under AEDPA."). Mr. Aledo thus is not entitled to statutory tolling for the days during which the 2022 State Petition was awaiting decision in the Monterey County Superior Court.

Mr. Aledo also is not entitled to any tolling for his later state habeas petitions in the Sixth District Court of Appeal and the California Supreme Court because their summary denials created a presumption, unrebutted by Mr. Aledo, that those courts agreed with the lower court's determination on the timeliness question. *See Curiel v. Miller*, 780 F.3d 1201, 1203–04 (9th Cir. 2015); *id.* at 1204 (when the California Supreme Court denies the petition summarily, it is presumed that court agreed with the lower court's determination on the timeliness question unless "strong evidence" rebuts this presumption).

Since the 2022 State Petition, and the appeals therefrom, had no tolling effect, the one-year limitations period for Mr. Aledo to file his federal habeas petition continued untolled, and expired August 23, 2022.

**B.     Equitable tolling**

In some circumstances, the one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). '[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 655 (quoting *Pace*, 544 U.S. at 418); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir.

2006).

Here, Mr. Aledo did not argue that he is entitled to equitable tolling. *See generally* Opp. Mr. Aledo's pursuit of the untimely 2022 State Petition does not entitle him to equitable tolling. *See Pace*, 544 U.S. at 416 ("[P]etitioner challenges the fairness of our interpretation. He claims that a 'petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred. . . . A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."). In addition, Mr. Aledo did not identify any extraordinary circumstance which stood in the way of his filing a timely federal habeas petition. *See generally* Opp.

Mr. Aledo's federal petition for writ of habeas corpus was filed nearly three months after the expiration of the federal habeas statute of limitations period. The instant petition must therefore be dismissed as untimely.

### C.  Certificate of appealability

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III.  CONCLUSION

Respondent's motion to dismiss is **GRANTED**. This action is dismissed because the petition for writ of habeas corpus was not filed before the expiration of the habeas statute of limitations period. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: March 13, 2024

P. Casey Pitts
United States District Judge